JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

GODOFREDO LEANDRO GONZALEZ,
LUIS RAFAEL FEBRES MONASTERIO,
MURVIN REIGOUD MAIKEL,
OMAR TORRES,
MOSES ROOPWAH, and
NERIDIO-JULIAN SUCRE,

                Defendants.

- - - - - - - - - - - - - - - - - - x

**INDICTMENT**

18 Cr.

CRIM 601

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 1 2018

## COUNT ONE

The Grand Jury charges:

1.  In or about July 2018, on the high seas and elsewhere, GODOFREDO LEANDRO GONZALEZ, LUIS RAFAEL MONASTERIO, MURVIN REIGOUD MAIKEL, OMAR TORRES, MOSES ROOPWAH, and NERIDIO-JULIAN SUCRE, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the maritime drug enforcement laws of the United States.

2.  It was a part and an object of the conspiracy that GODOFREDO LEANDRO GONZALEZ, LUIS RAFAEL MONASTERIO, MURVIN REIGOUD MAIKEL, OMAR TORRES, MOSES ROOPWAH, and NERIDIO-JULIAN SUCRE, the defendants, and others known and unknown, while on board a vessel subject to the jurisdiction of the United States, knowingly and intentionally would and did distribute and possess

with intent to distribute a controlled substance, in violation of Title 46, United States Code, Section 70503(a)(1).

3. The controlled substance involved in the offense was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a) and Title 21, United States Code, Section 960(b)(1)(B).

(Title 46, United States Code, Sections 70503, 70506(b) & 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B).)

## COUNT TWO

The Grand Jury further charges:

4. In or about July 2018, on the high seas and elsewhere, GODOFREDO LEANDRO GONZALEZ, LUIS RAFAEL MONASTERIO, MURVIN REIGOUD MAIKEL, OMAR TORRES, MOSES ROOPWAH, and NERIDIO-JULIAN SUCRE, the defendants, while on board a vessel subject to the jurisdiction of the United States, knowingly and intentionally distributed and possessed with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 46, United States Code, Sections 70503(a)(1), 70504(b)(2), 70506(a); Title 21, United States Code, Section 960(b)(1)(B); and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

5. As a result of committing the offenses charged in Counts One and Two of this Indictment, GODOFREDO LEANDRO

GONZALEZ, LUIS RAFAEL MONASTERIO, MURVIN REIGOUD MAIKEL, OMAR TORRES, MOSES ROOPWAH, and NERIDIO-JULIAN SUCRE, the defendants, shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507(a), and Title 28, United States Code, Section 2461, the following property that was used or intended for use to commit, or to facilitate the commission of, said offenses:

    a.    All controlled substances;

    b.    All raw materials, products, and equipment of any kind;

    c.    All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules;

    d.    All property which is used, or intended for use, as a container for property described in paragraphs 5(a), 5(b), and 5(c) of this Indictment;

    e.    All conveyances, including aircraft, vehicles, or vessels;

    f.    All books, records, and research, including formulas, microfilm, tapes, and data;

    g.    All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and all moneys, negotiable instruments, and securities

used or intended to be used to facilitate the offenses charged in Counts One and Two of this Indictment;

   h. All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements;

   i. Any drug paraphernalia; and

   j. Any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph 5(a) and 5(b) of this Indictment, and any proceeds traceable to such property.

Substitute Assets Provision

   5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

        (Title 46, United States Code, Section 70507(a);
         Title 21, United States Code, Sections 853;
         Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
GEOFFREY S. BERMAN  
United States Attorney