**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

May 20, 2022

**BY ECF AND EMAIL**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** <u>United States v. Godofredo Leandro Gonzalez,</u>
18 Cr. 601 (PGG)

Dear Judge Gardephe:

Godofredo Leandro Gonzalez moves this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Leandro Gonzalez has already served the great majority of his five-year mandatory-minimum sentence; his BOP projected release date is October 29, 2022. This Court should reduce his sentence to time served because the BOP's continued failure to provide Mr. Leandro Gonzalez with needed medical care, in conjunction with his comorbidies and his rehabilitation, is an extraordinary and compelling reason not to hold him any longer. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (the First Step Act gave courts discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release").

## BACKGROUND

Mr. Leandro Gonzalez is a poor Venezuelan fishing-boat captain and the patriarch of a large and loving family that he struggled to support as Venezuela descended into economic crisis. In desperation, he agreed to captain an unseaworthy boat carrying cocaine into international waters, where he and others was arrested by the U.S. Coast Guard on July 27, 2018, and paroled into the United States for prosecution in this District. Mr. Leandro Gonzalez pled guilty to a violation of 46 U.S.C. §§ 70503, 70506(b), 70504(b)(2), and 21 U.S.C. § 960(b)(2)(B). This Court sentenced him to the mandatory minimum sentence of five years' imprisonment. His projected release date is October 29, 2022.

At sentencing, the Court considered Mr. Leandro Gonzalez's poor health, including his obesity and history of heart attacks—which, the Court observed, put him at high risk from COVID-19—as well as his untreated eye condition. In fact,

Honorable Paul G. Gardephe  May 20, 2022
United States District Judge  Page 2 of 5

the Court issued an order requiring the government to discuss Mr. Leandro Gonzalez's condition with the Bureau of Prisons and submit a letter detailing how the Bureau of Prisons would address these medical conditions.  *See* ECF Entry 457.  The government responded by letter dated April 29, 2021, writing that Mr. Leandro Gonzalez had no acute cardiopulmonary conditions and that the BOP "has arranged for an external ophthalmologic consult for possible excision of the pterygium" on his right eye.  *See* ECF Entry 462.  The government's letter and appended medical records indicated that the BOP's "[p]lan was for excision of the pterygium scheduled for 4/20/21, but he was not taken to his appointment due to lack of an escort staff.  He is being rescheduled for same."  Id. n.6.

The excision of Mr. Leandro Gonzalez's pterygium never happened.  More than a year has passed without action by the BOP, and the problem with Mr. Leandro Gonzalez's eyesight is now both chronic and acute.  I communicated with the government about Mr. Leandro Gonzalez's health, and I understand that the government communicated with the BOP.  Although Mr. Leandro Gonzalez is on medication to manage his blood pressure and cholesterol, he has never received the simple eye surgery that he needs, and there is no reason to believe that the BOP will actually provide it while he is in custody.

On December 22, 2021, I wrote the warden of the facility in which Mr. Leandro Gonzalez was then incarcerated, asking that he receive the eye surgery that he needs and care for his other health conditions, including cardiac issues, obesity, and arthritis.  *See* **Exhibit A**.  In addition, I asked the BOP to consider making a compassionate-release motion on Mr. Leandro Gonzalez's behalf.  See id.  The facility asked Mr. Leandro Gonzalez for more information.  In response Mr. Leandro Gonzalez provided through counsel a completed questionnaire, health records and releases, and records demonstrating his continuing good conduct in prison.  *See* **Exhibit B**.[1]

The BOP denied Mr. Leandro Gonzalez's compassionate-release application by memo dated February 17, 2022.  **Exhibit C**.  Although the BOP recognized that Mr. Gonzalez is "diagnosed with or suffer from various medical conditions that could possible cause [him] to be more susceptible to contracting the coronavirus," it denied the application because Mr. Leandro Gonzalez has an ICE detainer.  Id.

The BOP did not address my request that Mr. Leandro Gonzalez receive the eye surgery that the BOP has long known he needs.  Three months later, it still has taken no action in that regard.

---

[1] I respectfully request that Exhibit B be filed under seal because of the volume of health records and other sensitive information it contains.

Honorable Paul G. Gardephe  May 20, 2022
United States District Judge  Page 3 of 5

# ARGUMENT

Title 18, United States Code, Section 3582(c)(1)(A)(i) empowers the Court to reduce a term of imprisonment that has been imposed if it finds that: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier;" (2) extraordinary and compelling reasons warrant such a reduction; and (3) these reasons are consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."[2]

The Court can and should reduce Mr. Leandro Gonzalez's sentence to time served because all of the statutory criteria are met and the § 3553(a) factors favor his release at this time.

**1.    Mr. Leandro Gonzalez has exhausted administrative remedies.**

Mr. Leandro Gonzalez may make this application for compassionate release to the Court directly because more than 30 days have passed since he presented his request to the warden of his facility.  *See* 18 U.S.C. § 3582(c)(1)(A).

**2.    Extraordinary and compelling reasons warrant immediate release.**

"[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Brooker*, 976 F.3d at 237.  This case presents the following extraordinary and compelling reasons to reduce Mr. Leandro Gonzalez's sentence to time served:

First, the BOP has failed—for years—to give Mr. Leandro Gonzalez the eye surgery that he needs to see clearly out of his right eye.  He should be released so that he can obtain this necessary medical care.

Second, Mr. Leandro Gonzalez's obesity—he weighs more than 300 pounds—high blood pressure, high cholesterol, and history of heart disease place him at elevated risk of severe disease or death if he contracts COVID-19, which is resurgent.  He was vaccinated but has not been given a booster. (He was offered a dose of the Johnson & Johnson booster but declined because of his high risk from blood clots; he was not offered a Pfizer or Moderna booster.)

---

[2] Section 3582(c) further provides that any sentence reduction should be consistent with the applicable policy statements issued by the Sentencing Commission, but the Commission has issued no policy statement applicable to Court reductions on a defense § 3582(c) motion under the First Step Act.  *See Brooker*, 976 F.3d at 236.

Honorable Paul G. Gardephe  May 20, 2022
United States District Judge  Page 4 of 5

Third, Mr. Leandro Gonzalez has served the overwhelming majority of his five-year sentence. He has only five months left to serve.

Finally, Mr. Leandro Gonzalez has made great strides in rehabilitation during his imprisonment. He has had no disciplinary infractions and has engaged in positive programming. Exhibit B contains a copy of a primary school diploma that he achieved in November 2021. He later earned his secondary school diploma in April 2022. He learned to write. He has also taken Bible study courses.

In combination, these factors are extraordinary and compelling. *See United States v. Rodriguez*, No. 3 Cr-271(AB), 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (granting compassionate release motion based on a *combination* of the inmate's health conditions; the danger of his remaining incarcerated; and the fact that he had served almost all of his sentence and had shown commendable rehabilitation: "None of these reasons alone is extraordinary and compelling. Taken together, however, they constitute reasons for reducing his sentence.").

### 3. **The § 3553(a) factors favor release.**

The § 3553(a) factors support reducing Mr. Leandro Gonzalez's five-year-mandatory-minimum sentence to time served.

As an initial matter, this Court granted a substantial downward variance and imposed the mandatory-minimum sentence on Mr. Leandro Gonzalez in light of his lack of criminal history, his good character, and the desperate circumstances that led him to participate in the offense. The Court may well have been persuaded to impose a lower sentence absent the mandatory minimum, as it sentenced codefendant Moses Roopwah to two years and codefendant Neredio-Julian Sucre to the 22 months he had served.

Mr. Leandro Gonzalez's time in custody since sentencing further demonstrates that a sentence reduction to time served is appropriate under § 3553(a). His "history and characteristics," § 3553(a)(1), have only become more mitigating as his health condition has gone untreated and he has rehabilitated himself. Because of the pandemic and his poor healthcare, his time in custody has been more punitive than if measured solely by the calendar. *See* § 3553(a)(2)(A). Finally, he should be released to obtain medical care in the most effective manner. *See* § 3553(a)(2)(D).

### 4. Mr. Leandro Gonzalez's certain deportation is immaterial.

The warden denied Mr. Leandro Gonzalez's request to bring a § 3582(c)(1)(A) motion on his behalf because he has an ICE detainer, having been paroled into this country for prosecution. But Mr. Leandro Gonzalez's certain removal to Venezuela is legally irrelevant to this application. Indeed, Courts in this District have viewed a defendant's removal as a factor *in support* of a § 3582(c)(1)(A) relief. *See, e.g.*, *United States v. Qadar*, 00-CR-603 (ARR), 2021 WL 3087956, at *12 (E.D.N.Y. Jul. 22, 2021) (finding that release of the defendant posed no danger to society because he would be deported after release); *United States v. Barriga-Beltran*, No. 19-Cr-0116 (JS), 2021 WL 1299437, at *3 (E.D.N.Y. Apr. 7, 2021) (same); *United States v. Rios*, No. 3:94-cr-112 (JBA), 2020 WL 7246440, at *5 (D. Conn. Dec. 8, 2020) (collecting cases where district courts modified life sentences for defendants who were set to be deported if released).

## CONCLUSION

This Court can and should reduce Mr. Leandro Gonzalez's sentence to time served.

Respectfully submitted,

/s/
Clay H. Kaminsky
Assistant Federal Defender
(212) 417-8749 / (646) 842-2622

cc:   Counsel of record

**MEMO ENDORSED:**

Defendant Godofredo Leandro Gonzalez's application for compassionate release is denied.

On August 21, 2019, Gonzalez pled guilty before Magistrate Judge Gorenstein to conspiring to distribute and possess with intent to distribute 500 grams and more of cocaine, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503, 70506(b), 70504(b)(2), and 21 U.S.C. § 960(b)(2)(B).  (August 21, 2019 Minute Entry; Plea Tr. (Dkt. No. 120))  On September 10, 2019, this Court accepted Gonzalez's guilty plea (Dkt. No. 130), and on April 26, 2021, this Court sentenced him to the mandatory minimum term of five years' imprisonment.  (Sent. Tr. (Dkt. No. 470) at 19; Judgment (Dkt. No. 459) at 2)  Gonzalez is currently incarcerated at the prison camp associated with McRae Correctional Facility.  (See May 27, 2022 Govt. Opp. (Dkt. No. 669) at 5)  His projected release date is October 29, 2022.  (See Def. Motion (Dkt. No. 664) at 1)

On May 20, 2022, Gonzalez moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the failure to provide him with required medical care while incarcerated, as well as his comorbidities and rehabilitation, constitute extraordinary and compelling reasons for early release.  (See id. at 3-4)  Gonzalez claims that he exhausted all administrative remedies because, in February 2022, the Bureau of Prisons ("BOP") rejected his compassionate release motion.  (Id. at 2-3; id., Ex. C)

While Gonzalez appears to have exhausted his administrative remedies (see May 27, 2022 Govt. Opp. (Dkt. No. 669) at 5 n.3), Gonzalez's application for compassionate release fails on the merits.

Gonzalez – who is 50 years old – claims that his obesity, high blood pressure, high cholesterol, and history of heart disease place him at an elevated risk if he contracts the COVID-19 virus.  (See Def. Motion (Dkt. No. 664) at 3)  Although Gonzalez has been vaccinated against the COVID-19 virus, he has not received a booster shot.  (Id.)  Gonzalez also complains that he has not received a requested surgical excision of the pterygium of his right eye, and that he should be released so that he can obtain that operation.  (Id. at 2-3)

In opposing the Defendant's application, the Government asserts that Gonzalez's medical records show that the BOP has adequately managed his health care, including by administering and monitoring medication for Gonzalez's high blood pressure, high cholesterol, and eye condition.  (May 27, 2022 Govt. Opp. (Dkt. No. 669) at 6-7)  The Government notes that, since October 2018, Gonzalez has received five optometric consults for his eye condition, and thus far, the BOP has concluded that his eye condition is stable and that surgery is not necessary.  (Id. at 5-6 & n.6)  According to the Government, a further optometric consult has been scheduled for June 14, 2022.  (Id. at 5-6)  The Government also notes that Gonzalez – who is likely to be deported to Venezuela after serving his sentence –has not provided any information about his "prospects for ophthalmologic care upon his removal to Venezuela."  (Id. at 6)

As to Gonzalez's risk of contracting COVID-19, the Government acknowledges that McRae Correctional Facility is "one of 14 BOP facilities operating at Level 1 Operations, offering the lowest degree of restrictions for inmates in relation to the COVID-19 pandemic."  The Government notes, however, that "[t]here are now zero positive inmate cases of COVID-19" at this facility.  (Id. at 6-7)  The Government further states that Gonzalez will be administered a Pfizer booster shot "when vaccinations for newly arrived inmates are completed."  (Id. at 6; see also id. at 6 n.9 (noting that only 1% of inmates were "pending vaccination due to their recent arrival at the facility))

The medical records submitted by the Government indicate that Gonzalez's medical conditions – including his eye condition – are being adequately managed.  It also appears that Gonzalez will be receiving his booster shot soon, and that McRae Correctional Facility has no active COVID-19 cases among inmates.  Accordingly, Gonzalez has not shown that "extraordinary and compelling reasons" justify his release.

The 18 U.S.C. § 3553(a) factors also counsel against early release.  Gonzalez was the master of an unflagged vessel carrying 624 kilograms of cocaine.  His Guidelines range at sentencing was 262 to 327 months' imprisonment.  (See Sent. Tr. (Dkt. No. 470) at 4-5)  This Court sentenced Gonzalez to the statutory mandatory minimum sentence of five years' imprisonment.  (See id. at 17, 19)  Given the enormous quantity of cocaine found on the vessel that Gonzalez captained – and the Guidelines range he faced – Gonzalez received a lenient sentence.  Reducing his sentence further would compromise the need to deter others from engaging in this type of conduct.

Accordingly, Gonzalez's motion for compassionate release (Dkt. No. 664) is denied.  A copy of this memo endorsement will be mailed to Defendant by Chambers.

Dated:  July 18, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge